UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

PAUL F. ROGERS and  
REBECCA J. ROGERS,  
      Debtors.

Case No. 12-32558-dof  
Chapter 13 Proceeding  
Hon. Daniel S. Opperman

_____/

Opinion Regarding Objections to Confirmation of Debtor's Proposed Chapter 13 Plan

Background Facts

Paul and Rebecca Rogers ("Debtors") filed their Chapter 13 bankruptcy petition on June 15, 2012. Paul Rogers is 62 years old and Rebecca Rogers is 58 years old. At the time of filing, Paul Rogers had worked for his company for two months and Rebecca Rogers had worked for her employer, who she had worked for on and off for several years, for two months. Rebecca Rogers is a contract employee, whose current contract is set to end on October 31, 2012, but her contract may be extended by her employer. As indicated on their Schedule I, Paul Rogers has an estimated income of $3,750.00 per month and Rebecca Rogers has an average income of $5,920.00 per month. Paul Rogers contributes $562.50 per month to an IRA account and Rebecca Rogers contributes $1,500.00 per month to her 401k account. In calculating their disposable income on Official Form 22C, the above-median Debtors claimed a deduction of $2,062.50 per month for their voluntary IRA and 401k contributions on Line 55. Debtors showed monthly disposable income listed on Line 59 of $2,531.07. On their Schedules I and J, the Debtors indicated that their actual anticipated monthly income is $5,279.61 and their actual anticipated expenses total $4,370.02, leaving a monthly net income of $909.59. On their Schedule B, the Debtors indicated that they have two Prudential IRAs and a Deferred Savings and Profit Sharing Plan with Fidelity Investments totaling over $168,000.00. Also on their Schedule B, the Debtors list a 2012 Sunseeker Motor Home ("RV") with a value of $60,047.00. The Debtors list Lake Trust Credit Union as a secured creditor on the RV in the amount of $56,637.00 and, on their Schedule C, the Debtors exempted the equity in the RV amounting to $4,410.00.

1

The Debtors filed their proposed Chapter 13 plan on June 15, 2012, and they filed a Corrected Chapter 13 Plan on June 18, 2012. The Debtors filed an Amended Chapter 13 Plan on August 6, 2012. The Debtors' proposed Chapter 13 Plan provides that the Debtors will make plan payments in the amount of $551.58 bi-weekly for 60 months and provides that unsecured creditors will be paid a total of $62,535.40 on their claims totaling $231,341.22 (a 27% dividend).

On July 12, 2012, and July 18, 2012, respectively, the Chapter 13 Trustee and First National Bank ("Creditor") filed Objections to Confirmation of the proposed Chapter 13 Plan. The Debtors filed a Response to Creditor's Objections on August 3, 2012, and filed an Amended Response on August 6, 2012. The Court held a hearing on August 14, 2012. The Court set a schedule for the parties to submit briefs regarding the retirement contribution and recreational vehicle issues and it adjourned the confirmation hearing to October 16, 2012. The Debtors filed their brief on September 7, 2012; Creditor filed its Response brief on September 20, 2012; and the Trustee filed his Response brief on September 21, 2012.

## Arguments

The Chapter 13 Trustee and Creditor object to confirmation of the Debtors' proposed Plan on the grounds that (1) voluntary post-petition retirement contributions are not deductible from disposable income and should be included in the calculation of "projected disposable income" available to repay creditors; and (2) the Debtors' failure to include their voluntary retirement contributions in the calculation of "projected disposable income" available to repay creditors in this case constitutes bad faith. Creditor also argues that the Debtors' RV is not necessary for the Debtors' support and maintenance and that the funds expended by the Debtors for the RV and its associated costs should be considered "disposable income" that must be paid into their Plan. The Debtors argue that (1) the retirement contributions are necessary for their maintenance and support and are exempt from the "disposable income" calculation, and (2) the retention of the RV is not a substantial abuse of Chapter 13 and is necessary for their support and maintenance.

2

Discussion

In order for a Chapter 13 bankruptcy plan to be approved by the bankruptcy court, it must meet the requirements set forth in 11 U.S.C. § 1325. For instance, § 1325 requires that the plan have been proposed in good faith, 11 U.S.C. § 1325(a)(3), and, if an unsecured creditor objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –

> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1). The term "disposable income" is defined in relevant part as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended . . . for the maintenance and support of the debtor." 11 U.S.C. § 1325(b)(2)(A)(i). If a debtor has an above median monthly income, the "amounts reasonably necessary to be expended" is determined by the "means test" set forth in § 707(b)(2). 11 U.S.C. § 1325(b)(3).

### A. Voluntary Post-Petition Retirement Contributions

As noted, the Chapter 13 Trustee and Creditor object to confirmation of the Debtors' proposed Plan on the ground that voluntary post-petition retirement contributions are not deductible from disposable income and should be included in the calculation of "projected disposable income" available to repay creditors. The Trustee and Creditor rely on the Sixth Circuit Court of Appeals decision in *In re Seafort*, 669 F.3d 662 (6th Cir. 2012). The Debtors argue that the retirement contributions are necessary for their maintenance and support and are therefore exempt from the "disposable income" calculation. The Debtors argue that the facts of this case can be distinguished from those in the *Seafort* case and that the Court should not follow the guidance given by the Sixth Circuit with regard to this issue in *dicta* in footnote 7 of that opinion.

In *Seafort*, the question presented to the Sixth Circuit Court of Appeals was whether the income that becomes available after the debtors have fully repaid 401k loans during the plan period is "projected disposable income" to be paid to unsecured creditors or whether the income

can be used to begin making voluntary contributions to the debtors' 401k plans and deemed excludable from both disposable income and property of the estate under 11 U.S.C. § 541(a)(1) and (b)(7). The Sixth Circuit Court of Appeals discussed the competing views regarding voluntary retirement contributions, stating:

> The first view, adopted by the BAP majority in this case, reads §§ 541 and 547(b)(7) as limiting voluntary retirement contributions to those amounts being made as of the petition date (hereinafter referred to as the "BAP majority" or "*Seafort* majority"). The second view, typified by the *Johnson* decision [*In re Johnson*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006) ] holds that all voluntary retirement contributions, both pre- and post-petition, are permitted under § 541(b)(7), limited only by the good faith requirement of § 1325(a)(3).[6] A third view, articulated in *In re Prigge,* 441 B.R. 667 (Bankr. D. Mont. 2010), holds that § 541(b)(7) does not permit post-petition voluntary retirement contributions in any amount regardless of whether the debtor was making pre-petition retirement contributions.

*In re Seafort*, 669 F.3d 662, 667 (6th Cir. 2012). Relying on the *Prigge* view, the Sixth Circuit Court of Appeals held that income made available once a debtor's 401k loan repayments are fully repaid may not be used to make voluntary retirement contributions and those funds must be committed to the debtor's Chapter 13 plan for distribution to unsecured creditors.

In *Seafort*, the Sixth Circuit Court of Appeals specifically discussed the differences in the treatment of 401k contributions and 401k loan repayments, stating:

> The easy inference is that Congress did not intend to treat voluntary 401(k) contributions like 401(k) loan repayments, because it did not similarly exclude them from "disposable income" within Chapter 13 itself. *See* § 1322(f) (stating that "any amounts required to repay such loan shall not constitute 'disposable income' under section 1325"). *See McCullers,* 451 B.R. at 503–04; *Prigge,* 441 B.R. at 677. Congress also does not consider voluntary contributions as "reasonable and necessary expense[s]" deductible from "disposable income," *see* § 1325(b)(3), because it did not list them in § 707(b)(2)(A) & (B). In fact, it expressly excluded them from the list of "necessary expenses" in Official Form 22C, which provides the formula for calculating "reasonable and necessary expenses" of above-median income debtors. *See* Official Form 22C, Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, line 31 (Dec. 2010). *See generally Lanning,* 130 S. Ct. at 2470 n. 2 ("The formula for above-median-income debtors is known as the 'means test' and is reflected in a schedule (Form 22C) that a Chapter 13 debtor must file."); *Baud,* 634 F.3d at 333–34. Line Item 31, entitled "Other Necessary Expenses: involuntary deductions for employment," unequivocally instructs that in calculating "Deductions from Income" the above-means Chapter 13 debtor may "[e]nter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions.... **Do not include**

4

**discretionary amounts, such as voluntary 401(k) contributions.**" Official Form 22C, line 31. *See generally Prigge,* 441 B.R. at 677 (observing that the IRS guidelines state that voluntary retirement contributions are not a necessary expense).

Notwithstanding, § 541(b)(7) must provide *some* sort of protection for voluntary retirement contributions in Chapter 13 cases, because it says that such contributions "shall not constitute disposable income as defined in section 1325(b)(2)." § 541(b)(7) (the so-called "hanging paragraph"). But Congress said this in the larger context of § 541(a)(1). As the *McCullers* court pointed out, "[t]his structure suggests that section 541(b)(7) excludes from property of the estate only property that would otherwise be included in the estate under section 541(a). Thus, the most natural reading of section 541(b)(7) is that it excludes from property of the estate only those contributions made before the petition date." *McCullers,* 451 B.R. at 503–04. To this extent, we think the BAP majority properly read §§ 541(a)(1) and (b) together, as defining "property of the estate" by what is included and excluded at a fixed point in time—as of commencement of the bankruptcy case. We agree with *McCullers* that for this reason, the *Johnson* line of cases are not persuasive because they do not read § 541(b)(7) within the larger context of § 541 as a whole.

We find it is also significant that Congress placed the "disposable income" exception for voluntary retirement contributions within the confines of § 541(b)(7), rather than in Chapter 13 itself. Like the *McCullers* court, we think that "the most natural reading of section 541(b)(7) is that it excludes from property of the estate only those contributions made before the petition date" as "indicated by its specifying the contributions excluded from property of the estate and then stating that 'such amount' shall not constitute disposable income." *McCullers,* 451 B.R. at 503–04. Furthermore, as the *McCullers* court observed, the term "except that" in the hanging paragraph was designed simply to clarify that the voluntary retirement contributions excluded from the property of the estate are not post-petition income to the debtor. *McCullers,* 451 B.R. at 504–05. Restated, the function of § 541(b)(7) was merely to clarify that pre-petition retirement contributions do not constitute property of the estate or post-petition disposable income. *See Prigge,* 441 B.R. at 677 & n. 5 (citing *Collier on Bankruptcy).* Here, the BAP majority's reasoning fell short because it did not take into account the words "except that such amount" at the beginning of the hanging paragraph excluding retirement contributions from disposable income.

*Seafort*, 669 F.3d at 672-73.

Most notably and relevant to this case, the Sixth Circuit Court of Appeals concluded, "based on the language and structure of Chapter 13, incorporating § 541, that Congress intended to exclude from disposable income and projected disposable income available for unsecured

5

creditors only voluntary retirement contributions already in existence at the time the petition is filed." *Id*. at 674. In a footnote, the court stated:

> The trustee "concedes" that if a debtor is making voluntary retirement contributions when the bankruptcy petition is filed, such continuing contributions may be excluded from disposable income. We do not agree with this assertion, for the reasons stated in *Prigge*. However, our view is not relevant here, because this issue is not presently before us.

*Seafort*, 669 F.3d at 674 n. 7. Although the Sixth Circuit Court of Appeals made it clear that its holding in *Seafort* would not be binding with regard to the issue presently before this Court, it gave very clear direction and guidance on the issue. While this footnote is *dicta*, the clear intent of this footnote is to give direction to lower courts. Given this direction and not seeing any reason to deviate from the direction stated in the footnote, this Court agrees with the reasoning of the Sixth Circuit Court of Appeals in *Seafort* and, therefore, concludes that the Debtors cannot exclude their voluntary post-petition retirement contributions in any amount for the purposes of calculating their disposable income.

The Court need not address the Trustee's alternative argument that the Debtors' failure to include their voluntary retirement contributions in the calculation of "projected disposable income" available to repay creditors in this case constitutes bad faith.

## B. Recreational Vehicle Expenses

Creditor also argues that (1) the Debtors' RV is not necessary for the Debtors' support and maintenance and that the funds expended by the Debtors for the RV and its associated costs should be considered "disposable income" that must be paid into their Plan, and (2) the Debtors' proposed retention of the RV is indicative of bad faith. The Debtors argue that the retention of the RV is not a substantial abuse of Chapter 13 and is necessary for their support and maintenance.

Since issues of fact exist, the Court concludes that it would be appropriate to schedule an evidentiary hearing on this issue and, therefore, defers ruling on this issue until the completion of the evidentiary hearing.

6

## Conclusions

For these reasons, the Court concludes that the Debtors cannot exclude their voluntary post-petition retirement contributions in any amount for the purposes of calculating their disposable income. The Court will schedule an evidentiary hearing on the issue of whether the Debtors' RV is necessary for the Debtors' support and maintenance.

.

**Signed on October 15, 2012**

                                              **/s/ Daniel S. Opperman**
                                              **Daniel S. Opperman**
                                              **United States Bankruptcy Judge**